IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Bernard Lamar Mack, | Case No. 9:18-cv-01081-TLW |
| PLAINTIFF | |
| v. | **Order** |
| NFN Jackson, et al., | |
| DEFENDANTS | |

Plaintiff Bernard Lamar Mack, proceeding pro se, filed this civil action on or about April 20, 2018, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. His claims are against various local jail employees for their actions or inactions surrounding an incident at the jail where one of the deputies allegedly threatened him with a knife. ECF No. 1.

After reviewing the complaint, the magistrate judge issued a proper form order directing Plaintiff to complete summons forms for each defendant within 21 days and ordered him to notify the Court in writing if his address changed. ECF No. 8. He responded with a letter stating only that he was unable to obtain the full names of each defendant; he did not prepare summons forms based on the information he had. ECF No. 11. The magistrate judge then issued a second proper form order again directing him to prepare summons forms for the defendants. ECF No. 13. The envelope containing the order was returned to the Court with a USPS sticker saying, "Return to Sender[;] Attempted – Not Known[;] Unable to Forward," and a handwritten note saying, "No Longer Here." ECF No. 15.

The magistrate judge issued a Report and Recommendation (First Report) recommending dismissal under Rule 41(b) for failing to update the Court about any address changes. ECF No. 17. The envelope containing this order was also returned to the Court as undeliverable, with a handwritten note saying, "OOJ," which presumably means "out of jail." ECF No. 19. On April 15, 2020, the Court accepted the First Report without objection, dismissing the case without prejudice. ECF No. 22.

But by this time, Plaintiff had received the Court's order and he responded with a motion to reopen his case. ECF No. 25. This Court granted the motion and recommitted the case to the magistrate judge. ECF No. 27.

On June 25, 2020, the magistrate judge issued a third proper form order, again directing Plaintiff to submit summons forms for each defendant and again directing him to keep the Court updated regarding any address changes. ECF No. 32. This time, Plaintiff complied by submitting summons forms as directed, so the magistrate judge issued an order authorizing service and once again directed him to keep his address current. ECF No. 37.

Each of the defendants were served and responded with motions to dismiss, except for Defendant Geathers, who the Marshals were unable to serve. ECF Nos. 43, 47, 51, 59. The magistrate judge issued an order directing Plaintiff to provide any additional service information he had for Defendant Geathers. ECF No. 61. Plaintiff did not provide any additional service information, but he did file a motion to amend his complaint, which the magistrate judge granted. ECF Nos. 54, 65, 71, 76.

The defendants who had previously been served responded to the amended complaint with a Rule 12(b)(6) motion to dismiss. ECF No. 79. On November 12, 2020, the magistrate judge issued a *Roseboro* order, informing Plaintiff of the potential consequences if he failed to respond to the motion. ECF No. 81. He failed to respond to the motion, so on January 11, 2021, the magistrate judge issued another Report and Recommendation (Second Report). ECF No. 87.

In the Second Report, the magistrate judge first recommends that Defendant Geathers be dismissed under Rule 4(m) because Plaintiff has not properly served this defendant, provided a new summons, or provided any additional service information. The magistrate judge also recommends that Plaintiff's case be dismissed under Rule 41(b) for failure to prosecute due to his failure to respond to the served defendants' motion to dismiss, despite being informed of the potential consequences of doing so. He did not file objections to the Second Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of a report and recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendation contained in that report. 28 U.S.C. § 636. In the absence of objections, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory

committee's note).

The Court has carefully reviewed the Second Report. For the reasons stated by the magistrate judge, the Second Report, ECF No. 87, is **ACCEPTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Senior United States District Judge

February 16, 2021
Columbia, South Carolina